IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT DANIEL J. PATTERSON,

    Plaintiff

vs.

UNITED STATES FIDELITY &
GUARANTY COMPANY,

    Defendant

CIVIL ACTION NO.

98-AR-0485-S

FILED 98 DEC 14 PM 3:03 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED DEC 1 4 1998

## MEMORANDUM OPINION

While studying the motion for partial summary judgment filed by defendant, United States Fidelity & Guaranty Company, the court, as it must, examined its subject matter jurisdiction and discovered that it lacks subject matter jurisdiction.

Defendant's only stated reason in its notice of removal for the existence of the $75,000 jurisdictional amount for a diversity removal is that the subject insurance policy has a liability limit of $100,000. Defendant does not make any attempt to demonstrate that the injuries sustained by plaintiff, Robert Daniel J. Patterson, are extensive enough to permit a jury, if it awards him anything, to award an amount in excess of $75,000. The complaint in the state court does not state a precise *ad damnum*. It merely seeks damages "in excess of $10,000 in an amount to be determined by the jury." The damage amount being unspecified, the removing defendant must show by a preponderance of the evidence that it is more likely than not that the judgment amount realistically

1

anticipated exceeds $75,000. *Tapscott v. MS* Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); *Campbell v. General Motors Corp.*, 19 F. Supp. 2d 1260, 1264 (N.D. Ala. 1998); see also *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994).

This court is unwilling to assume, as defendant implicitly suggests, that its policy limit constitutes the amount in controversy. WRIGHT AND MILLER, 14B *Fed. Prac. & Proc. Juris. 3d*, § 3710 (1997), reflects this view as indicated by the following passage:

> A distinction should be drawn, however, between those cases in which the validity of the insurance policy is at issue, and those cases in which the question is the applicability of the policy to a particular occurrence. The result in the latter category of cases apparently is that the jurisdictional amount in controversy is measured by the value of the underlying claim -- not the face amount of the policy.

Cases that have successfully designated the policy limits as the amount in controversy are unlike the instant case because they involve declaratory judgment actions brought by an insurance company or are actions brought by an insurance company seeking to cancel the policy. This distinction was recognized by this court long ago. *Small v. New York Life Ins. Co.*, 18 F. Supp. 820, 820-22 (N.D. Ala. 1937) (and cases cited therein). In *Guardian Life Ins. Co. v. Muniz*, 101 F.3d 93, 93 (11th Cir. 1996), the Eleventh Circuit held, for example, that the face amount of the policy determines the amount in controversy when the insurance company seeks to cancel the policy on the basis of misrepresentation. In so holding, the Eleventh Circuit stated its rationale by

2

explaining that "the only fixed and definite liability of the insurer is to pay the face of the policy." *Id.* This rationale is not apposite in a case like the instant one, in which a judgment for the plaintiff on his tort claim would determine the liability of the insurer.

A separate order of remand will be entered.

DONE this 14th day of December, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE